UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEHRINGER HARVARD LAKE TAHOE, a Nevada Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:13-CV-3040-G |
| BANK OF AMERICA, N.A., a National Banking Association, ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| BANK OF AMERICA, N.A., a National Bank Association, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | CONSOLIDATED WITH |
| BEHRINGER HARVARD LAKE TAHOE, a Nevada Limited Liability Company, ET AL., | ) ) ) ) | 3:13-CV-3041-G |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of defendant Bank of America, Inc. to lift the

court's administrative stay and to allow limited jurisdictional discovery (docket entry

95).  On July 8, 2014, the Ninth Circuit denied the writ of mandamus filed by the

plaintiff, Behringer Harvard Lake Tahoe, LLC, objecting to the decision of the

District of Nevada to transfer this case to the Northern District of Texas.  *See* Notice

of Correspondence re Ninth Circuit Ruling at 4 (docket entry 99).  Therefore, this

case is properly before this court, and the motion to lift the administrative stay is

**GRANTED**.

However, Behringer Harvard now argues that this court does not have subject

matter jurisdiction over this suit, as some of its members are allegedly citizens of

North Carolina, of which Bank of America is a citizen.  *See* Behringer Harvard Lake

Tahoe, LLC's Response to Bank of America's Motion for Relief from Administrative

Stay and to Allow Limited Jurisdictional Discovery ("Plaintiff's Response") at 2

(docket entry 97).  In its initial state-court lawsuit against Bank of America,

Behringer Harvard stated that it was a citizen of Nevada, which allowed Bank of

America to remove the lawsuit to federal court in Nevada.  *See* Bank of America's

Motion for Relief from Administrative Stay and to Allow Limited Jurisdictional

Discovery ("Defendant's Motion") at 3 (docket entry 95).  Behringer Harvard now

claims that Bank of America should have alleged the citizenship of each of Behringer

Harvard's members in its removal notice, and that in fact several of its limited

partners are citizens of North Carolina.  *See* Plaintiff's Response at 2.  Behringer

Harvard has also produced some documentation showing that at various points in

time, it has had North Carolina citizens as members.  *See* Appendix in Support of

Bank of America's Motion for Relief from Administrative Stay and to Allow Limited

Jurisdictional Discovery ("Defendant's Appendix") at App. 23-71 (docket entry 96).

Bank of America objects to this documentation, arguing that it does not convincingly

establish that there were non-diverse members of Behringer Harvard on the date this

case was removed to federal court, February 5, 2013, which is the relevant date for

determining whether complete diversity of citizenship existed.  *See* Defendant's

Motion at 5, 7-8; Reply in Support of Bank of America's Motion for Relief from

Administrative Stay and to Allow Limited Jurisdictional Discovery ("Defendant's

Reply") at 4 (docket entry 100).  Therefore, Bank of America requests further

documentation from Behringer Harvard related to the alleged North Carolina

citizenship of Behringer Harvard's members, and states that it would agree to dismiss

this case from this court if Behringer Harvard produces satisfactorily definite

documentation.  *See* Defendant's Motion at 6; Defendant's Reply at 5.

Behringer Harvard responds that it has sufficiently established the North

Carolina citizenship of its members, and that this court cannot order jurisdictional

discovery because it does not have subject matter jurisdiction over this dispute.  *See*

Plaintiff's Response at 10-12.  The court disagrees.  The produced documents show

that some North Carolina citizens may have been members of Behringer Harvard at

some point, but they do not establish that those same people were still both North

Carolina citizens and members of Behringer Harvard as of February 5, 2013.

Furthermore, this partial documentation suggests that Behringer Harvard may be able

to produce more complete documents related to the alleged North Carolina

citizenship of its members.  Therefore, under recent precedent from this district, the

court is justified in ordering the plaintiff to produce that documentation.  See *Unified*

*2020 Realty Partners, L.P. v. Proxim Wireless Corp.*, No. 3:11-CV-0861-D, 2011 WL

2650199, at *1-2 (N.D. Tex. July 6, 2011) (Fitzwater, J.) (allowing jurisdictional

discovery where the defendant had "informally requested information . . . regarding

the nondiverse limited partner, which [the opposing party] refused to provide," and

there were indications that the requested information would "bear directly on

whether the court ha[d] subject matter jurisdiction").

        Behringer Harvard also argues that even though it stated that it was a citizen of

Nevada in its state-court petition, Bank of America had a responsibility to further

investigate and allege the citizenship of Behringer Harvard's limited partners in its

notice of removal.  *See* Plaintiff's Response at 2.  It is noteworthy that Behringer

Harvard waited approximately a year and a half after removal to raise this

jurisdictional argument, only to now blame Bank of America for believing that

Behringer Harvard's state-court petition accurately stated its citizenship.  Regardless,

the argument is now irrelevant, as Bank of America will have the opportunity to

- 4 -

investigate the citizenship of Behringer Harvard's members through jurisdictional discovery.

Bank of America's motion for limited jurisdictional discovery is **GRANTED**. Bank of America shall submit limited discovery requests related to the citizenship of Behringer Harvard's members, partners, and investors as of February 5, 2013 by **July 30, 2014**.  Behringer Harvard is **ORDERED** to respond to these requests by **August 13, 2014**.  Bank of America has expressed that it will agree to dismiss the case from this court if the plaintiff satisfactorily demonstrates a lack of subject matter jurisdiction.  *See* Defendant's Reply at 5.  If the plaintiff's discovery does make that showing, the parties should confer and submit an agreed motion to dismiss by **August 22, 2014**.  If the parties cannot agree, and Behringer Harvard continues to object to this court's subject matter jurisdiction, it is **ORDERED** to file a motion to remand by **August 27, 2014**.

July 23, 2014.

A. JOE FISH
**Senior United States District Judge**

- 5 -